R. BRENT STEPHENS (#A3098)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendants
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000
Fax No.: (801) 363-0400


RECEIVED CLERK
FILED
2003 JUN -b P 4: 54

U.S. DISTRICT COURT
DISTRICT OF UTAH

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JONATHAN COON, an individual, and KIRSTEN COON, an individual, | **ANSWER** |
| Plaintiffs, | |
| vs. | Case No. 2:03-CV-478 TC |
| NORDSTROM, INC., | Judge Tena Campbell |
| Defendants. | |

Defendant Nordstrom, Inc. (hereinafter "Defendant"), responds to plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against defendant.



## SECOND DEFENSE

### Parties, Jurisdiction and Venue

1. Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Answering paragraph 3, defendant admits that it is in the retail sales business of clothing, and other retail merchandise, but denies the remainder of the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

### General Allegations

6. Defendant admits the allegations of paragraph 6.

7. Answering paragraph 7, Defendant admits that Mrs. Coon has made purchases from Nordstrom Stores which have exceeded $100,000, using credit from her Nordstrom accounts, but is without information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 7.

8. Answering paragraph 8, Defendant admits that Mrs. Coon received the assistance of salespersons who are trained to assure customer personal service and to create a pleasant shopping experience and who have been employed by Nordstrom at its Crossroads Plaza store in downtown Salt Lake City, Utah, but denies the remainder of the allegations of paragraph 8.

9. Answering paragraph 9, Ms. Cooley, as an experienced Nordstrom salesperson, often retains information regarding her customers' clothing and shoe sizes, clothing preferences,

2

preferred designers, and clothing styles, to the extent that the customer wishes to disclose such information and wishes the salesperson, such as Ms. Cooley, to keep such information for ready access, but denies the remainder of the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Answering paragraph 11, Defendant admits that Mrs. Coon has visited Nordstrom stores on a number of occasions, and has purchased clothing and accessories at Nordstrom, but denies the remainder of the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 15, but denies the remainder of the allegations of paragraph 15.

16. Answering paragraph 16, Defendant admits that Nordstrom has a toll-free number as recited in plaintiffs' Complaint at paragraph 16, but denies that such number reference would be used to cancel the accounts of plaintiffs under the circumstances alleged herein by plaintiffs' Complaint, and denies the remainder of the allegations of paragraph 16.

17. Answering paragraph 17, defendant admits that paragraph 17 attempts to paraphrase a letter addressed to Nordstrom, which is attached as Exhibit A to plaintiffs' Complaint, but denies that the paraphrase is either appropriate or an accurate rendition of the

letter, which letter speaks for itself, and otherwise denies the remainder of the allegations of paragraph 17.

18. Answering paragraph 18, Defendant admits that paragraph 18 again attempts to quote certain portions of Exhibit A, and that Exhibit A was apparently delivered to Nordstrom, but is without information sufficient to form a belief as to the truth of the allegations of the remainder of paragraph 18.

19. Answering the second delineated paragraph 18, Defendant denies the allegations of paragraph 18, and objects to it on the ground that it is argumentative.

20. Answering paragraph 19, Defendant denies the allegations of paragraph 19, and objects to the paragraph to the extent that it is argumentative. Defendant admits, however, that certain copies of letters are attached to the Complaint as Exhibit B.

21. Answering paragraph 20, Defendant is without information sufficient to form a belief as to the truth of the allegations of paragraph 20.

22. Answering paragraph 21, Defendant admits that a letter dated October 25, 2002, is attached as Exhibit C to the Complaint, admits that plaintiffs in paragraph 21 attempt to paraphrase the correspondence referenced, but denies the remainder of the allegations of paragraph 21.

23. Defendant denies the allegations of paragraph 22.

24. Defendant denies the allegations of paragraph 23.

25. Defendant denies the allegations of paragraph 24.

26. Answering paragraph 25, Defendant admits that a copy of a letter is attached as Exhibit F, admits that plaintiffs attempt to paraphrase the letter in an argumentative manner, and denies the remainder of the allegations of paragraph 25.

27. Answering paragraph 26, Defendant admits that Mr. Nordstrom did place a telephone call to Mr. Coon as a courtesy to Mr. Coon, admits that it had reviewed a number of transactions relating to merchandise, clothing and accessories purchased by plaintiffs, defendant admits that plaintiffs' attempts to paraphrase the conversation in an argumentative manner, which is also conclusory, and otherwise denies the remainder of the allegations of paragraph 26.

28. Answering paragraph 27, Defendant admits that a copy of a letter is attached to the Complaint as Exhibit G, admits that plaintiffs attempt to paraphrase Exhibit G and place it in a context that is argumentative, and denies the remainder of the allegations of paragraph 27.

29. Defendant denies the allegations of paragraph 28.

30. Defendant denies the allegations of paragraph 29.

31. Defendant denies the allegations of paragraph 30.

32. Defendant denies the allegations of paragraph 31.

33. Defendant denies the allegations of paragraph 32, and is based upon an assumption not in the record, and is otherwise denied.

34. Defendant denies the allegations of paragraph 33.

35. Defendant denies the allegations of paragraph 34.

36. Defendant denies the allegations of paragraph 35.

## FIRST CLAIM FOR RELIEF
### Uniform Commercial Code

37. As its answer to paragraph 36, Defendant incorporates its answers to plaintiffs' allegations stated above.

38. As its answer to paragraph 37, Defendant objects to paragraph 37 in that it is vague and ambiguous, and therefore denies the allegations of paragraph 37.

39. Answering paragraph 38, paragraph 38 contains an assumed fact not in the record and therefore denies the allegations of paragraph 38.

40. Answering paragraph 39, Defendant admits that plaintiffs have attempted to paraphrase Utah Code Ann. § 70A-2-307, -507, and that such paraphrase is inaccurate and incomplete, and denies the remainder of paragraph 39.

41. Answering paragraph 40, Defendant admits that paragraph 40 quotes portions of Utah Code Ann. § 70A-2-513, but denies the remainder of the allegations of paragraph 40.

42. Defendant denies the allegations of paragraph 41.

43. Defendant denies the allegations of paragraph 42.

44. Defendant denies the allegations of paragraph 43.

45. Defendant denies the allegations of paragraph 44.

46. Defendant denies the allegations of paragraph 45.

## SECOND CLAIM FOR RELIEF
### Utah Consumer Sales Practices Act

47. As its answer to paragraph 46, Defendant incorporates its answers to the plaintiffs' allegations referenced above.

48.     As its answer to paragraph 47, Defendant admits that it comes within the definition of a supplier under certain statutes, under particular factual parameters, but denies the remainder of the allegations of paragraph 47.

49.     Defendant denies the allegations of paragraph 48.

50.     Defendant denies the allegations of paragraph 49.

51.     Defendant denies the allegations of paragraph 50.

52.     Defendant denies the allegations of paragraph 51.

## THIRD CLAIM FOR RELIEF
### (Utah Consumer Credit Code)

53.     As its answer to paragraph 52, Defendant incorporates its answers to the paragraphs referenced above.

54.     Defendant denies the allegations of paragraph 53.

55.     Defendant denies the allegations of paragraph 54.

56.     Defendant denies the allegations of paragraph 55.

## FOURTH CLAIM FOR RELIEF
### (Estoppel - Detrimental Reliance)

57.     As its answer to paragraph 56, Defendant incorporates its answers to the paragraphs referenced above.

58.     Defendant denies the allegations of paragraph 57.

59.     Defendant denies the allegations of paragraph 58.

60.     Defendant denies the allegations of paragraph 59.

61.     Defendant denies the allegations of paragraph 60.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment)

62. As its answer to paragraph 61, Defendant incorporates its answers to the paragraphs referenced above.

63. Defendant denies the allegations of paragraph 62.

## SIXTH CLAIM FOR RELIEF
### (Injunctive Relief)

64. As its answer to paragraph 63, Defendant incorporates its answers to the paragraphs referenced above.

65. Defendant denies the allegations of paragraph 64.

## SEVENTH CLAIM FOR RELIEF
### (Accounting)

66. As its answer to paragraph 65, Defendant incorporates its answers to the paragraphs referenced above.

67. Defendant denies the allegations of paragraph 66.

68. Defendant denies the allegations of paragraph 67.

69. Defendant denies the allegations of paragraph 68.

70. Defendant denies the allegations of paragraph 69.

71. Defendant denies the allegations of paragraph 70.

72. Defendant denies the allegations of paragraph 71.

73. Defendant denies each and every other allegation of plaintiffs' Complaint not specifically admitted or modified.

8

## THIRD DEFENSE

Plaintiffs' claims are barred by waiver.

## FOURTH DEFENSE

Plaintiffs' claims are barred by estoppel.

## FIFTH DEFENSE

Plaintiffs' claims are barred by an account stated which was not objected to timely, waived by acts and conduct to dispute any account stated or are estopped from disputing an account stated.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and estoppel and satisfaction of the merchandise purchased.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by their own negligence in handling their credit account with plaintiff and the credit facility extending credit for merchandise purchased pursuant to the provisions of Utah Code Ann. § 78-27-38, et seq., or, alternatively, defendant is only responsible for its proportion of fault, if any, allocated to it relating to the purchase of the merchandise at issue.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by acceptance of the merchandise purchased and has otherwise failed to rightfully reject the merchandise purchased and/or had no right to reject such merchandise accepted.

## NINTH DEFENSE

Plaintiffs had no right not to accept the merchandise delivered or offered to be delivered because the merchandise conformed to the merchandise purchased and defendant was not in breach of any obligation it owed for plaintiffs for merchandise purchased.

WHEREFORE, having fully answered plaintiffs' Complaint, defendant demands that plaintiffs' Complaint be dismissed and that it be awarded its costs incurred herein, and such other relief as is deemed just.

DATED this _____ day of June, 2003.

SNOW, CHRISTENSEN & MARTINEAU

By _____
R. Brent Stephens
Attorneys for Defendant

N:\12149\54\MC\Pleadings\Answer.wpd

10

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of the foregoing **ANSWER** (Case No. 2:03-cv-00478, United States District Court for the District of Utah, Central Division) to be mailed first class, postage prepaid, on the 6th day of June, 2003, to the following:

Blake Miller, Esq.
Paxton R. Guymon, Esq.
MILLER, MAGLEBY & GUYMON P.C.
170 South Main Street, Suite 350
Salt Lake City, Utah 84101

*Attorneys for Plaintiffs*